Paul R. Doti, Plaintiff, *v.* Robert I. Henderson, Fred C. Whitney, Paul A. Zizelman and National Allied Amusement Corporation, Defendants.

(Supreme Court, New York Special Term, June, 1919.)

Judgments — default of answering defendant in appearing at trial — pleading — when motion to set aside granted.

> Where an answering defendant makes default in appearing at the trial any judgment consistent with the case made by the complaint and embraced within the issues may be taken irrespective of the prayer for relief.
> Where, however, the complaint in an action brought by a judgment creditor to set aside a chattel mortgage given by a corporation to one of its directors, as in fraud of creditors, and for an accounting of the property or its proceeds, contains no allegation as to the value of the property transferred and lost to plaintiff and no such proof is given upon the trial, a judgment awarding a personal recovery against the defendant director for the amount of plaintiff's judgment not being within the case made by the complaint is irregular and unauthorized, and a motion to set it aside will be granted unless plaintiff consents that it be modified so as to provide only that the mortgage be declared void and set aside and that defendant account in accordance with the prayer of the complaint.

Motion to set aside judgment entered after a hearing.

Michael J. Joyce, for plaintiff.

Paul A. Zizelman, for defendants.

Supreme Court, June, 1919. [Vol. 107.

PENDLETON, J. This is a motion to set aside a judgment entered after a hearing. Defendant answered, but made default in appearing at the trial. Where defendant makes default in answering no judgment can be taken more favorable to plaintiff than that demanded in the complaint (Code Civ. Pro. § 1207), but where defendant answers and makes default in appearing at the trial, a different rule prevails. There any judgment consistent with the case made by the complaint and embraced within the issues may be taken irrespective of the prayer for relief. Code Civ. Pro. § 1207. This action is brought by a judgment creditor seeking, among other things, to set aside a chattel mortgage given by a corporation to one of its directors as in fraud of creditors and that the defendant account for the property thereby transferred, or the proceeds thereof. Section 66 of the Stock Corporation Law provides that: " No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its solvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except that laborers' wages for services shall be preferred claims and be entitled to payment before any other creditors out of the corporation assets in

excess of valid prior liens or incumbrances. * * * Every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees. * * * Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void. * * * Every director or officer of a corporation who shall violate or be concerned in violating any provisions of this section, shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation.'' It is quite apparent that under these provisions two distinct causes of action are provided, namely, an action to declare such a transfer void and that the transferee account for the property so received or its proceeds, and also an action by creditors or stockholders against any director or officer violating or concerned in violating any provision of statute to recover any loss they may have sustained by reason of such violation. In the latter case both allegation and proof of the amount of loss must be made, and this necessarily includes something as to the value of the property transferred and lost to plaintiff. There is no such allegation in the complaint and no such proof was given at the trial. The complaint set forth a cause of action of the first class above described, for an accounting for the property received or its proceeds, not of the second class for recovery against a director for loss sustained by reason of the violation of the statute. The judgment awarding a personal recovery against defendant Henderson for the amount of plaintiff's judgment was therefore not within the case made by the complaint, and was irregular and unauthorized.

Motion granted, with ten dollars costs, and case sent

Supreme Court, June, 1919.          [Vol. 107.

back to the calendar for trial, unless plaintiff consents that the judgment· be modified so as to provide only that the chattel mortgage be declared void and set aside, and defendant account for the property or proceeds thereof received by him.

Ordered accordingly.